Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Evonne Flores**, **Frankie Salinas**, and **Gail Bradford**, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **The Sales Staff LLC**, a Texas Limited Liability Company, **David Balzen and Jane Doe Balzen**, a married couple, **Bryan Brorsen and Jane Doe Brorsen**, a married couple, <br><br> Defendants. | No. <br><br> **PLAINTIFFS' COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.** <br><br> **(Demand for Jury Trial)** |

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Plaintiffs, Evonne Flores ("Plaintiff Flores"), Frankie Salinas ("Plaintiff Salinas"), and Gail Bradford ("Plaintiff Bradford") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.    This is an action for equitable relief, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as

amended, 29 U.S.C. § 216(b).  Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Inside Sales Representatives[1] of Defendants.

2.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants[2] for their unlawful failure to pay minimum and overtime wages in violation of the FLSA.

3.      Plaintiff Flores, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and wages due and owing Plaintiffs and others similarly-situated in violation of Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") §§ 23-350, et. seq., and the Arizona Minimum Wage Act, A.R.S. § 23-363, et seq.

4.      Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime wages owed to them individually and on behalf of all other similarly-situated Inside Sales Representatives, current and former, of Defendants who did not receive one-and-one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.  Members of the Collective Action are referred to as the "Overtime Collective Members."

---

[1]      For the purposes of this Complaint, "Inside Sales Representative" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiffs and putative class, and does not necessarily have a bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

[2]      All Defendants to this action are collectively referred to as either "Sales Staff" or "Defendants" unless specified otherwise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

5.      Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants who did not receive the applicable minimum wage for time they spent working in a given workweek.  Members of the Collective Action are referred to as the "Minimum Wage Collective Members."

6.      Additionally, Defendants' failure to compensate Plaintiffs and all other non-exempt employees at a rate equal to Arizona's required minimum wage violates the Arizona Wage Act, A.R.S. § 23-350, et. seq., and the Arizona Minimum Wage Act, A.R.S. § 23-363, et. seq.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws. Members of the Rule 23 Class Action are referred to as the "Arizona Class Members."

7.      "Overtime Collective Members" describes each and every Inside Sales Representative that worked for Defendants in the three year prior to the filing of this Complaint through the present, inclusive of the Minimum Wage Collective Members and the Arizona Class Members.  "Minimum Wage Collective Members" describes each and every employee who did not receive at least one paycheck for time that they worked for Defendants between approximately April 1, 2017 through the present, inclusive of the Arizona Class Members.  "Arizona Class Members" describe each and every employee who did not receive at least one paycheck for time that they worked for Defendants in the State of Arizona between approximately April 1, 2017 through the present.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

8.    Plaintiffs and the Overtime Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Inside Sales Representatives to whom Defendants did not pay and have not paid one-and-one-half times their regular rates of pay for all time they worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

9.    Plaintiffs and the Minimum Wage Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Inside Sales Representatives to whom Defendants did not pay minimum wages from approximately April 1, 2017, through the present, in violation of 29 U.S.C. § 206.

10.    Plaintiffs Flores and Salinas and the Arizona Class Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Inside Sales Representatives to whom Defendants did not pay the applicable Arizona minimum wage from approximately April 1, 2017, through the present and also to whom Defendants did not pay and have not paid additional wages due and owing since approximately April 1, 2017, in violation of A.R.S. § 23-350, et. seq., A.R.S. § 23-363, et. seq.

11.    The Overtime Collective Members are all current and former Inside Sales Representatives who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

12.    The Minimum Wage Collective Members are all current and former Inside Sales Representatives who were employed by Defendants at any time starting approximately April 1, 2017 up to the present.

13.    The Arizona Class Members are all current and former Inside Sales Representatives and other employees who were employed by Defendants and worked anywhere in Arizona at any time starting approximately April 1, 2017 up to the present, who have not received one or more paychecks due and owing to them between April 1, 2017 and the present.

14.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees minimum wage for all hours worked and an overtime wage premium of one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

15.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

16.    This Court has subject matter jurisdiction over the federal claims in this lawsuit pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.  This Court also has supplemental jurisdiction over all state claims in this lawsuit under 28 U.S.C. § 1367.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred

within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

18.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

19.    At all times material to the matters alleged in this Complaint, Plaintiff Flores was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

20.    At all material times, Plaintiff Flores was a full-time employee of Defendants who worked as an Inside Sales Representative from approximately November 1, 2015 through approximately July 15, 2017.

21.    At all times material to the matters alleged in this Complaint, Plaintiff Salinas was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

22.    At all material times, Plaintiff Salinas was a full-time employee of Defendants who worked as an Inside Sales Representative and other positions from approximately October 1, 2013 through approximately July 12, 2017.

23.    At all times material to the matters alleged in this Complaint, Plaintiff Bradford was an individual residing in Sussex County, Delaware, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

24.     At all material times, Plaintiff Bradford was a full-time employee of Defendants who worked as an Inside Sales Representative from approximately February 1, 2016 through approximately October 31, 2016, and then again from approximately March 1, 2017 through approximately July 18, 2017.

25.     At all material times, Plaintiffs were employed by Defendants as inside sales employees and on an hourly-plus-commission basis.

26.     At all relevant times, Sales Staff were a business-to-business ("B2B") marketing company whose primary marketplace offering is contracting with their customers, who are other businesses, to perform the inside sales functions of those businesses.   Sales Staff accomplishes this function by performing their clients' business development efforts, which means employing their Inside Sales Representatives–such as Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members–to perform various non-exempt, inside sales-based duties, including, but not limited to, cold-calling and emailing potential customers of Sales Staff's clients with the goal of setting appointments between Sales Staff's client and those potential customers.

27.     At all material times, Plaintiffs, the Overtime Collective Members, and the Minimum Wage Collective Members were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

28.     At all material times, Plaintiffs, the Overtime Collective Members, and the Minimum Wage Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

29.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

30.     At all material times, Plaintiffs Flores and Salinas and the Arizona Class Members were employees of Defendants as defined by A.R.S. § 23-350(2).

31.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former Inside Sales Representatives of Defendants who did not receive overtime wages for time they spent working in excess of 40 hours in a given workweek for Defendants, including but not limited to those who agree in writing to join this action seeking recovery under the FLSA.

32.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former employees of Defendants who were not paid the applicable minimum wage for time they spent working in a given workweek for Defendants between approximately April 1, 2017 and the present, including but not limited to those who agree in writing to join this action seeking recovery under the FLSA.

33.     Plaintiffs Flores and Salinas bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former employees of Defendants who were not paid the Arizona minimum wage for time they spent working in a given workweek for Defendants in Arizona between approximately April 1, 2017.

34.     Plaintiffs Flores and Salinas bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former employees of

Defendants who were not paid any wage whatsoever for time they spent working in a given workweek for Defendants in Arizona between approximately April 1, 2017.

35.    Defendant The Sales Staff LLC is a Texas corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Overtime Collective Members' and the Minimum Wage Collective Members' Employer as defined by 29 U.S.C. § 203(d).

36.    Defendant The Sales Staff LLC is a Texas corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs Flores' and Salinas' and the Arizona Class Members' Employer as defined by A.R.S. § 23-350(3).

37.    Under the FLSA, Defendant The Sales Staff LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Sales Staff LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Overtime Collective Members' and Minimum Wage Collective Members' employment with The Sales Staff LLC.  Having acted in the interest of The Sales Staff LLC in relation to their employees, including Plaintiffs, The Sales Staff LLC is subject to liability under the FLSA.

38.    Defendant The Sales Staff LLC was at all relevant times Plaintiffs Flores' and Salinas' and the Arizona Class Members' Employer as defined by A.R.S. § 23-350(3).

-9-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

39.     Under the FLSA, Defendants David Balzen and Jane Doe Balzen are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants David Balzen and Jane Doe Balzen were the owners of The Sales Staff LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Overtime Collective Members' and Minimum Wage Collective Members' employment with The Sales Staff LLC.  As persons who acted in the interest of The Slaes Staff LLC's in relation to The Sales Staff LLC's employees, including Plaintiffs, Defendants David Balzen and Jane Doe Balzen are subject to individual liability under the FLSA.

40.     Defendants David Balzen and Jane Doe Balzen were at all relevant times Plaintiffs Flores' and Salinas' and the Arizona Class Members' Employer as defined by A.R.S. § 23-350(3).

41.     Under the FLSA, Defendants Brian Brorsen and Jane Doe Brorsen are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Brian Brorsen and Jane Doe Brorsen were the owners of The Sales Staff LLC.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs'

and the Overtime Collective Members' and Minimum Wage Collective Members' employment with The Sales Staff LLC.  As persons who acted in the interest of The Slaes Staff LLC's in relation to The Sales Staff LLC's employees, including Plaintiffs, Defendants Brian Brorsen and Jane Doe Brorsen are subject to individual liability under the FLSA.

42.    Defendants Brian Brorsen and Jane Doe Brorsen were at all relevant times Plaintiffs Flores' and Salinas' and the Arizona Class Members' Employer as defined by A.R.S. § 23-350(3).

43.    Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

44.    Defendants, and each of them, are sued in both their individual and corporate capacities.

45.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Overtime Collective Members and Minimum Wage Collective Members.

46.    At all relevant times, Plaintiffs and the Overtime Collective Members and Minimum Wage Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

47.    At all relevant times, Plaintiffs Flores and Salinas and the Arizona Class Members were "employees" of Defendants as defined by A.R.S. § 23-350(2).

48.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

49.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

50.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350(3).

51.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs', the Overtime Collective Members', Minimum Wage Collective Members', and the Arizona Class Members' work and wages at all relevant times.

52.     At all relevant times, Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

53.     At all relevant times, Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

54.     Defendants operate The Sales Staff LLC from Texas but employs Inside Sales Representatives nationally in, for example, Arizona, Iowa, Florida, Nevada, and Ohio.

55.     At all relevant times, all Defendants were joint employers of Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona

-12-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Class Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members.

## FACTUAL ALLEGATIONS

56.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57.     Defendants own and/or operate as The Sales Staff LLC, an enterprise located in Fort Bend County, Texas.

58.     Sales Staff is a B2B marketing company headquartered in Stafford, Texas, that whose primary marketplace offering is contracting with their customers, who are other businesses, to perform the inside sales functions of those businesses.

59.     At all relevant times in their work for Defendants as Inside Sales Representatives, Plaintiffs, the Overtime Collective Members, the Minimum Wage Collective Members, and the Arizona Class Members performed and continue to perform straightforward inside sales tasks.

60.     At all relevant times in their work for Defendants, Inside Sales Representatives had and have the primary job duty of cold-calling and emailing potential

-13-

customers of Sales Staff's clients with the goal of setting appointments between Sales Staff's client and those potential customers.

61.     At all relevant times in their work for Defendants, the Inside Sales Representatives are and have been paid an hourly base compensation plus commissions based entirely on sales performance.

62.     On approximately November 1, 2015, Plaintiff Flores began employment with Defendants as an Inside Sales Representative, working from home in Arizona, and performing primarily non-exempt tasks, such as cold-calling and emailing potential customers of Sales Staff's clients with the goal of setting appointments between Sales Staff's client and those potential customers.

63.     On approximately October 1, 2017, Plaintiff Salinas began employment with Defendants as an Inside Sales Representative, working from home in Arizona, and performing primarily non-exempt tasks, such cold-calling and emailing potential customers of Sales Staff's clients with the goal of setting appointments between Sales Staff's client and those potential customers.

64.     On approximately February 1, 2016, Plaintiff Bradford began employment with Defendants as an Inside Sales Representative, working from home in Arizona, and performing primarily non-exempt tasks, such as cold-calling and emailing potential customers of Sales Staff's clients with the goal of setting appointments between Sales Staff's client and those potential customers.

65.     Rather than paying their Inside Sales Representatives–including Plaintiffs and the Overtime Collective Members–an overtime premium for time spent working in

excess of 40 hours in a given workweek, Defendants capped their hours at exactly 40, even though Plaintiffs and the Overtime Collective Members generally worked more than 40 hours in a given workweek, in order to avoid their responsibilities under the FLSA.

66.     During Plaintiffs' work for Defendants, they were paid a base hourly wage with the potential for commission incentives.

67.     Plaintiffs generally worked more than 40 hours per week in a given workweek but had their hours "capped" at 40 hours per week by Defendants, and were therefore paid for no more than 40 hours per week, pursuant to Defendants' policy and practice of not paying an overtime premium to Plaintiffs for time they spent working in excess of 40 hours per week.

68.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they worked between five (5) and twenty (20) hours of overtime without being compensated at one-and-one-half times their regular rates of pay for such time worked.

69.     In their work for Defendants, Plaintiffs and the Collective Members were non-exempt employees.

70.     At all relevant times, Defendants have required and require their Inside Sales Representatives to be constantly available by phone and email and immediately responsive to customers' needs, as well as in touch with each other to monitor ever-changing customer needs.

71.     At all relevant times, Sales Staff has required and requires their Inside Sales Representatives to work continuously through the day, communicating with potential

customers by phone and email, cold-calling and emailing potential customers of Sales

Staff's clients with the goal of setting appointments between Sales Staff's client and

those potential customers.

72.     Sales Staff also sets challenging sales quotas, enforces them harshly, and

fosters an intensely competitive culture.

73.     These factors caused Plaintiffs and the Overtime Collective Members to

consistently work significant overtime, despite Defendants policy and practice of not

paying any wage whatsoever for time they worked in excess of 40 hours in a given

workweek.

74.     Because of the nature of the work and demands placed by Sales Staff,

management is aware that Plaintiffs and the Overtime Collective Members consistently

worked more than 40 hours per week without receiving any compensation for time

worked in excess of 40 hours per week.

75.     In addition, Plaintiffs and the Overtime Collective Members work extensive

time outside of normal business hours, through lunches, during mornings, evenings, and

weekends.

76.     In their work for Defendants, Plaintiffs and the Overtime Collective

Members were not outside sales employees.

77.     In their work for Defendants, Plaintiffs and the Overtime Collective

Members were not customarily and regularly engaged away from Sales Staff's place or

places of business in performing their primary duties.

-16-

78. In their work for Defendants, Plaintiffs and the Overtime Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

79. At no point during any workweek during which Plaintiffs and the Overtime Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

80. In their work for Defendants as Inside Sales Representatives, Plaintiffs' and the Overtime Collective Members' primary duty was not managing the enterprise that is Sales Staff, or managing a customarily recognized department or subdivision of the enterprise that is Sales Staff.

81. In their work for Sales Staff as Inside Sales Representatives, Plaintiffs and the Overtime Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

82. In their work for Defendants as Inside Sales Representatives, Plaintiffs and the Overtime Collective Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

83. In their work for Defendants as Inside Sales Representatives, Plaintiffs' and the Overtime Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Sales Staff or Sales Staff's customers.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

84.     In their work for Defendants as Inside Sales Representatives Plaintiffs' and the Overtime Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

85.     From the beginning of Plaintiffs' and the Overtime Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiffs and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiffs and the Collective Members worked for Defendants, they worked approximately forty-five (45) to sixty (65) hours per week, including routinely working after regular business hours, and on weekends for which time Defendants failed to accurately record Plaintiffs' and the Overtime Collective Members' time worked while suffering or permitting them to work nonetheless.

86.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Overtime Collective Members of their rights under the FLSA.

87.     Defendants engaged in the regular practice of willfully failing to pay Plaintiffs and the Overtime Collective Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs and the Overtime Collective Members to work in excess of forty (40) hours per workweek.

88.     As a result of Defendants' willful failure to pay Plaintiffs and the Overtime Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs and the Overtime Collective Members less than the applicable overtime wage rate for such work that

Plaintiffs and the Collective Members performed in excess of forty (40) hours per workweek.

89.    Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs and the Overtime Collective Members to work.  As such, Plaintiffs' and the Overtime Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Overtime Collective Members to work.

90.    As a result of Defendants' willful failure to compensate Plaintiffs and the Overtime Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

91.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Overtime Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Overtime Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

92.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Overtime Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

93.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

94.    In a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Overtime Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

95.    Defendants also did not pay any wage whatsoever to Plaintiffs and the Minimum Wage Collective Members from approximately April 1, 2017 through the present, in violation of 29 U.S.C. § 206(a).

96.    Defendants also did not pay any wage whatsoever to Plaintiffs Flores and Salinas and the Arizona Class Members from approximately April 1, 2017 through the present, in violation of A.R.S. §§ 23-350, et. seq., and § 23-363, et seq.

97.    Plaintiffs and the Overtime Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

98.    Plaintiffs and the Minimum Wage Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

99.    Plaintiffs Flores and Salinas and the Arizona Class Members are covered employees within the meaning of A.R.S. §§ 23-350, et. seq., and § 23-363, et seq.

100.    Defendants wrongfully withheld wages from Plaintiffs, the Overtime Collective Members, and the Minimum Wage Collective Members by failing to pay all wages due for hours they worked.

101.    Due to Defendants' illegal wage practices, Plaintiffs and the Overtime Collective Members are entitled to recover from Defendants compensation for unpaid

overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

102.    Due to Defendants' illegal wage practices, Plaintiffs and the Minimum Wage Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

103.    Due to Defendants' illegal wage practices, Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the amount of unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 23-364.

104.    Due to Defendants' illegal wage practices, Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to recover from Defendants compensation for an amount that is treble their unpaid wages, interest, and costs of this action under A.R.S. § 23-355.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### A.    FLSA OVERTIME COLLECTIVE MEMBERS:

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former Inside Sales Representatives of Defendants.

-21-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

107.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current and former Inside Sales Representatives of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

108.    At all relevant times, Plaintiffs and the Overtime Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiffs' and the Overtime Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiffs' claims stated herein are essentially the same as those of the Overtime Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

109.    Plaintiffs and the Overtime Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiffs and the Overtime Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

-22-

110.    The Overtime Collective Members perform or have performed the same or similar work as the Plaintiffs.

111.    The Overtime Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

112.    The Overtime Collective Members are not exempt from receiving overtime pay.

113.    As such, the Overtime Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

114.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Overtime Collective Members.

115.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Overtime Collective Members.

116.    The specific job titles or precise job responsibilities of each Overtime Collective Member does not prevent collective treatment.

117.    All Overtime Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

118.    Although the exact amount of damages may vary among the Overtime Collective Members, the damages for the Overtime Collective Members can be easily calculated by a simple formula.  The claims of all Overtime Collective Members arise

-23-

from a common nucleus of facts.  Liability is based on a systematic course of wrongful

conduct by the Defendants that caused harm to all of the Overtime Collective Members.

119.   As such, Plaintiffs bring their FLSA overtime claims as a collective action

on behalf of the following class:

**The FLSA Overtime Collective Members ore all of Defendants'
current and former Inside Sales Representatives who earned an hourly
wage with commission incentives, who worked for Defendants at any
time starting <u>three years before this lawsuit was filed up to the present.</u>**

120.   Defendants' unlawful conduct, as described in this Collective Action

Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by

manipulating and/or failing to properly record the hours the employees work.

121.   Defendants are aware or should have been aware that federal law required

them to pay employees performing non-exempt duties an overtime premium of not less

than one-and-one-half times their regular rates of pay for hours worked in excess of forty

(40) per workweek.

122.   Defendants' unlawful conduct has been widespread, repeated, and

consistent.

123.   This action is properly brought under and maintained as an opt-in collective

action pursuant to 29 U.S.C. § 216(b).

124.   The Overtime Collective Members perform or have performed the same or

similar work as Plaintiffs.

125.   Upon information and belief, the individuals similarly situated to Plaintiffs

include more than one hundred (100) employees currently and/or formerly employed by

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

126.    Notice can be provided to the Overtime Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

127.    Plaintiffs' claims stated in this complaint are essentially the same as those of the Overtime Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

**B.    FLSA MINIMUM WAGE COLLECTIVE MEMBERS:**

128.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

129.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former Inside Sales Representatives of Defendants.

130.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current and former Inside Sales Representatives of Defendants, who are not or were not paid a wage or paycheck during any workweek between approximately April 1, 2017 and the present

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 206(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

131.    At all relevant times, Plaintiffs and the Minimum Wage Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay a wage or paycheck during any workweek between approximately April 1, 2017 and the present that Defendants suffered or permitted them to work. Plaintiffs' claims stated herein are essentially the same as those of the Minimum Wage Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

132.    Plaintiffs and the Minimum Wage Collective Members worked during at least one workweek between April 1, 2017 and the present without receiving a wage or paycheck, despite Defendants' having suffered or permitted them to work. Further, Plaintiffs and the Minimum Wage Collective Members worked in a given workweek between April 1 2017 and the present without being compensated for any hours worked during that workweek.

133.    The Minimum Wage Collective Members perform or have performed the same or similar work as the Plaintiffs.

134.    The Minimum Wage Collective Members regularly work or have worked for Defendants in a given workweek between April 1, 2017 and the present.

135.    The Minimum Wage Collective Members are not exempt from receiving minimum wage.

136.    As such, the Minimum Wage Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of minimum wage between April 1, 2017 and the present.

137.    Defendants' failure to pay minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Minimum Wage Collective Members.

138.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Minimum Wage Collective Members.

139.    The specific job titles or precise job responsibilities of each Minimum Wage Collective Member does not prevent collective treatment.

140.    All Minimum Wage Collective Members, irrespective of their particular job requirements, are entitled to minimum wage compensation for hours worked during a given workweek.

141.    Although the exact amount of damages may vary among the Minimum Wage Collective Members, the damages for the Minimum Wage Collective Members can be easily calculated by a simple formula.  The claims of all Minimum Wage Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Minimum Wage Collective Members.

142.    As such, Plaintiffs bring their FLSA minimum wage claims as a collective

action on behalf of the following class:

> **The FLSA Minimum Wage Collective Members are all of Defendants' current and former employees who did not receive at least one paycheck for work performed at any time starting <u>April 1, 2017 through the present.</u>**

143.    Defendants' unlawful conduct, as described in this Collective Action

Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by

manipulating and/or failing to properly record the hours the employees work.

144.    Defendants are aware or should have been aware that federal law required

them to pay employees performing non-exempt duties the applicable minimum wage for

all hours worked in a given workweek.

145.    Defendants' unlawful conduct has been widespread, repeated, and

consistent.

146.    This action is properly brought under and maintained as an opt-in collective

action pursuant to 29 U.S.C. § 216(b).

147.    The Minimum Wage Collective Members perform or have performed the

same or similar work as Plaintiffs.

148.    Upon information and belief, the individuals similarly situated to Plaintiffs

include more than one hundred (100) employees currently and/or formerly employed by

Defendants, and Plaintiffs are unable to state the precise number of similarly-situated

employees because that information is solely in Defendants' possession or control, but it

can be readily ascertained from their employment records and the records of its payroll processor.

149.    Notice can be provided to the Minimum Wage Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

150.    Plaintiffs' claims stated in this complaint are essentially the same as those of the Minimum Wage Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

## ARIZONA RULE 23 CLASS ACTION ALLEGATIONS

151.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

152.    Plaintiffs bring their Arizona wage claims as a Rule 23 class action on behalf of the following Arizona Class Members:

> **The Arizona Class Members are all of Defendants' current and former Arizona employees who did not receive at least one paycheck for work performed at any time starting <u>April 1, 2017</u> <u>through the present.</u>**

153.    <u>Numerosity</u>. The number of Class Members is believed to be at least fifty (50). This volume makes bringing the claims of each individual Arizona Class Member before this Court impracticable. Likewise, joining each individual Arizona Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Arizona Class Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Arizona Class Members and Defendants.

154.    Typicality. Plaintiffs Flores' and Salinas' claims are typical of the Arizona Class Members because like the Arizona Class Members, Plaintiffs Flores and Salinas were subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Arizona Class Members.  Defendants did not pay any wage whatsoever to Plaintiffs Flores or Salinas or the Arizona Class Members the applicable minimum wage or their regular rates of pay, in violation of A.R.S. § 23-350, et. seq., A.R.S. § 23-363, et. seq.

155.    Adequacy. Plaintiffs Flores and Salinas are representative parties who will fairly and adequately protect the interests of the Arizona Class Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiffs Flores and Salinas have retained an attorney who is competent in both class actions and wage and hour litigation.  Plaintiffs Flores and Salinas do not have any interests that may be contrary to or in conflict with the claims of the Arizona Class Members they seeks to represent.

156.    Commonality. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.    Whether and to what extent Defendants compensated Plaintiffs

Flores and Salinas and the Arizona Class Members for work

performed from April 1, 2017 through the present;

b.    Plaintiff Flores' and Salnias' and the Arizona Class Members'

regular rates of pay.

157.    Common issues of law include, but are not limited to:

a.    Whether Defendants properly paid all minimum wages due and

owing to Plaintiffs Flores and Salinas and the Arizona Class

Members;

b.    Whether Defendants properly paid all wages due and owing to

Plaintiffs Flores and Salinas and the Arizona Class Members;

c.    Whether Plaintiffs Flores and Salinas and the Arizona Class

Members are entitled to compensatory damages;

d.    Whether Plaintiffs and the Arizona Class Members are entitled to

liquidated damages;

e.    The proper measure of damages sustained by Plaintiffs Flores and

Salinas and the Arizona Class Members; and

f.    Whether Plaintiffs Flores and Salinas and the Arizona Class

Members are entitled to their reasonable attorneys' fees and costs;

158.    Superiority. A class action is superior to other available means for the fair

and efficient adjudication of this lawsuit.  Even in the event any of the Arizona Class

Members could afford to pursue individual litigation against companies the size of

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Arizona Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

159.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Arizona Class Members are readily identifiable from Defendants' records.

160.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

161.    Ultimately, a class action is a superior forum to resolve the Arizona state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs Flores and Salinas and the Arizona Class Members according to applicable Arizona laws.

162.   <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Arizona Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## **DAMAGES**

163.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

164.   Plaintiffs and the Overtime Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiffs and the Overtime Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants; an additional equal amount in liquidated damages; and their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

165.   Plaintiffs and the Minimum Wage Collective Members are entitled to recover minimum wage compensation for the hours they worked for Defendants in any given workweek from April 1, 2017 through the present for which they were not paid at least the applicable minimum wage–i.e., Plaintiffs and the Minimum Wage Collective Members are entitled to the applicable minimum wage for all hours worked from April 1, 2017 through the present; an additional equal amount in liquidated damages; and their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

166.    Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to recover minimum wage compensation for the hours they worked for Defendants in any given workweek from April 1, 2017 through the present for which they were not paid at least the Arizona minimum wage–i.e., Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to the Arizona minimum wage for all hours worked from April 1, 2017 through the present; an additional amount equal to twice the unpaid minimum wages; and their reasonable attorneys' fees and costs pursuant to A.R.S. § 23-364.

167.    Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to recover treble their unpaid wages at their regular rates of pay for the hours they worked for Defendants in any given workweek from April 1, 2017 through the present for which they were not paid at least their regular rates of pay–i.e., Plaintiffs Flores and Salinas and the Arizona Class Members are entitled to a treble amount of their regular rates of pay for all hours worked from April 1, 2017 through the present; interest, and costs pursuant to A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

168.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

169.    Defendants operated pursuant to their policy and practice of not paying Plaintiffs and the Overtime Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

170.    While employed by Defendants, Plaintiffs and the Overtime Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiffs and the Overtime Collective Members one-and-one-half times their regular rate of pay for such time, in violation of 29 U.S.C. § 207(a).

171.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Overtime Collective Members overtime according to the provisions of the FLSA.

172.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Overtime Collective Members in accordance with 29 U.S.C. § 207.

173.    Plaintiffs and the Overtime Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

174.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Overtime Collective Members overtime according to the provisions of the FLSA.

175.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Overtime Collective Members in accordance with 29 U.S.C. § 207.

176.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Overtime Collective

Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiffs' and the Overtime Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

177. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Overtime Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

178. As a result of Defendants failure or refusal to pay Plaintiffs and the Overtime Collective Members a wage equal to one and one half times Plaintiffs' and the Overtime Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs and the Overtime Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Evonne Flores, Frankie Salinas, and Gail Bradford individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Overtime Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

i.      violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by

failing to pay proper overtime wages; and

ii.     willfully the violated overtime wage provisions of the FLSA, 29

U.S.C. § 207;

B.      For the Court to award damages in the amounts of all unpaid overtime

wages due and owing to Plaintiffs and the Overtime Collective Members;

C.      For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at

trial;

D.      For the Court to award prejudgment and post-judgment interest on any

damages awarded;

E.      For the Court to award Plaintiffs' and the Overtime Collective Members'

reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. §

216(b) and all other causes of action set forth in this Complaint;

F.      For the Court to provide reasonable incentive awards for each named

Plaintiff to compensate them for the time they spent attempting to recover

wages for the Overtime Collective Members and for the risks they took in

doing so; and

G.      Such other relief as this Court deems just and proper.

/ /

/ /

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

## COUNT TWO: FAIR LABOR STANDARDS ACT
## UNPAID MINIMUM WAGES

179.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

180.    Between approximately April 1, 2017 and the present, Defendants have not paid Plaintiffs or the Minimum Wages Collective Members the applicable minimum wage for all time they spent working for Defendants in a given workweek.

181.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Minimum Wage Collective Members minimum wage according to the provisions of the FLSA.

182.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Minimum Wage Collective Members in accordance with 29 U.S.C. § 206.

183.    Plaintiffs and the Minimum Wage Collective Members believe and therefore aver that Defendants owe them unpaid minimum wages for each and every pay period between approximately April 1, 2017 and the present.

184.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Minimum Wage Collective Members minimum wage according to the provisions of the FLSA.

185.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Minimum Wage Collective Members in accordance with 29 U.S.C. § 206.

186.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Minimum Wage Collective Members a wage equal to the applicable minimum wage rate for all time spent performing labor for Defendants in a given workweek.

187.    As a result of Defendants failure or refusal to pay Plaintiffs and the Minimum Wage Collective Members a wage equal to the applicable minimum wage for work they performed for Defendants in a given workweek, Defendants violated 29 U.S.C. § 206(a).  Plaintiffs and the Minimum Wage Collective Members are therefore entitled to compensation of the applicable minimum wage, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Evonne Flores, Frankie Salinas, and Gail Bradford individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Minimum Wage Collective Members' favor, and against Defendants:

H.    For the Court to declare and find that the Defendants committed one or more of the following acts:

iii.    violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper overtime wages; and

iv.    willfully the violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

I.    For the Court to award damages in the amounts of all unpaid minimum wages due and owing to Plaintiffs and the Minimum Wage Collective Members;

J.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

K.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

L.    For the Court to award Plaintiffs' and the Minimum Wage Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

M.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Minimum Wage Collective Members and for the risks they took in doing so; and

N.    Such other relief as this Court deems just and proper.

## COUNT THREE: ARIZONA WAGE LAW
## FAILURE TO PAY MINIMUM WAGE

188.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

189.    Between approximately April 1, 2017 and the present, Defendants have not paid Plaintiffs or the Arizona Class Members the Arizona minimum wage for all time they spent working for Defendants in a given workweek.

190.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Arizona Class Members minimum wage according to Arizona law.

191.    Defendants further have engaged in a widespread pattern and practice of violating the Arizona Minimum Wage Act by failing and/or refusing to pay Plaintiffs and the Arizona Class Members in accordance with A.R.S. § 23-363, *et seq*.

192.    Plaintiffs and the Arizona Class Members believe and therefore aver that Defendants owe them unpaid Arizona minimum wages for each and every pay period between approximately April 1, 2017 and the present.

193.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Arizona Class Members minimum wage according to the provisions of the A.R.S. § 23-363, *et seq*.

194.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the Arizona Minimum Wage Act by failing to pay Plaintiffs and the Arizona Class Members in accordance with A.R.S. § 23-363, *et seq*.

195.    Defendants have and continue to willfully violate the Arizona Minimum Wage Act by not paying Plaintiffs and the Arizona Class Members a wage equal to the applicable minimum wage rate for all time spent performing labor for Defendants in a given workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

196.    As a result of Defendants failure or refusal to pay Plaintiffs and the Arizona Class Members a wage equal to the Arizona minimum wage for work they performed for Defendants in a given workweek, Defendants violated A.R.S. § 23-363, *et seq*.  Plaintiffs and the Arizona Class Members are therefore entitled to compensation of the applicable minimum wage, to be proven at trial, plus an additional amount equal to twice the unpaid minimum wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Evonne Flores and Frankie Salinas individually, and on behalf of all Arizona Class Members, requests that this Court grant the following relief in Plaintiffs' and the Arizona Class Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

v.    violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

vi.    willfully violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award compensatory damages, including liquidated damages in an amount equal to twice the underpaid wages pursuant to A.R.S. § 23-364(G), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066,
Phoenix, AZ 85060

D.    For the Court to award Plaintiffs' and the Class Members' reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364(G) and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Class Members and for the risks they took in doing so; and

F.    Such other relief as this Court deems just and proper.

### COUNT FOUR: ARIZONA WAGE LAW
### FAILURE TO PAY WAGES DUE

197.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

198.    Between approximately April 1, 2017 and the present, Defendants have not paid Plaintiffs or the Arizona Class Members their regular rates of pay for all time they spent working for Defendants in a given workweek.

199.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Arizona Class Members wages according to Arizona law.

200.    Defendants further have engaged in a widespread pattern and practice of violating the Arizona Wage Act by failing and/or refusing to pay Plaintiffs and the Arizona Class Members in accordance with A.R.S. § 23-350, *et seq*.

201.    Plaintiffs and the Arizona Class Members believe and therefore aver that Defendants owe them unpaid wages for each and every pay period between approximately April 1, 2017 and the present.

202.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Arizona Class Members wage due and owing according to the provisions of the A.R.S. § 23-350, *et seq*.

203.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the Arizona Wage Act by failing to pay Plaintiffs and the Arizona Class Members in accordance with A.R.S. § 23-350, *et seq*.

204.    Defendants have and continue to willfully violate the Arizona Wage Act by not paying Plaintiffs and the Arizona Class Members a wage equal to their regular rates of pay for all time spent performing labor for Defendants in a given workweek.

205.    As a result of Defendants failure or refusal to pay Plaintiffs and the Arizona Class Members a wage equal to their regular rates of pay for work they performed for Defendants in a given workweek, Defendants violated A.R.S. § 23-350, *et seq*.  Plaintiffs and the Arizona Class Members are therefore entitled to compensation of treble their unpaid wages, to be proven at trial, together with interest and costs.

WHEREFORE, Plaintiffs, Evonne Flores and Frankie Salinas individually, and on behalf of all Arizona Class Members, requests that this Court grant the following relief in Plaintiffs' and the Arizona Class Members' favor, and against Defendants:

G.    For the Court to declare and find that the Defendants committed one or more of the following acts:

vii.    violated the provisions of A.R.S. § 23-350, *et seq.* by failing to pay wages;

-44-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

viii.   willfully violated minimum wage provisions of A.R.S. § 23-350, *et*

*seq.* by failing to pay wages;

H.   For the Court to award compensatory damages, including treble damages

pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

I.   For the Court to award prejudgment and post-judgment interest on any

damages awarded;

J.   For the Court to award Plaintiffs' and the Arizona Class Members'

reasonable attorneys' fees and costs of the action and all other causes of

action set forth in this Complaint;

K.   For the Court to provide reasonable incentive awards for each named

Plaintiff to compensate them for the time they spent attempting to recover

wages for the Class Members and for the risks they took in doing so; and

206.   Such other relief as this Court deems just and proper.

## **REQUEST FOR COLLECTIVE ACTION CERTIFICATION**

As to Counts I and II of this Complaint, Plaintiffs request that the Court designate this action as a collective action on behalf of the FLSA Overtime Collective Members and Minimum Wage Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

//

//

1

## **REQUEST FOR CLASS ACTION CERTIFICATION**

2      As to Counts III and IV of this Complaint, Plaintiffs Flores and Salinas request

3   that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and

4
    designate Plaintiffs Flores and Salinas as class representative and their counsel as class
5

6   counsel.

7   ## **JURY TRIAL DEMAND**

8      Plaintiffs demand a trial by jury on all issues so triable.

9

10     RESPECTFULLY SUBMITTED this 25th day of July, 2017.

11                                            THE BENDAU LAW FIRM, PLLC

12
                                             By: /s/ *Clifford P. Bendau, II*
13                                           Clifford P. Bendau, II
                                             Christopher J. Bendau
14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066,
Phoenix, AZ 85060