Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Evonne Flores**, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>**The Sales Staff LLC**, et al.,<br><br>    Defendants. | No. 2:17-cv-02474-DGC<br><br>**PLAINITFFS' MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Fed. R. Civ. P. 55(a), Named Plaintiffs Evonne Flores, Frankie Salinas, and Gail Bradford, and Opt-In Plaintiffs Julie Wiles, Patrick Carter, Christine Mathahs, and Heather Smith (collectively, "Plaintiffs") request that the Court enter default judgment against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen (collectively, the "Defendants").

## I.   INTRODUCTION

On July 25, 2017, Plaintiffs filed a lawsuit against the Defendants for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and for unpaid wages minimum wages and unpaid wages under the Arizona Wage Act ("AWA"). Doc. 1. The lawsuit sought damages under the FLSA for the Named Plaintiffs and all similarly-situated individuals who affirmatively opted in to the lawsuit (the "Proposed

Collective"). It also sought damages under the AWA for a class of individuals under Arizona law. The remedies sought resulted from the Defendants' complete failure to pay wages to Plaintiffs and the Proposed Collective.

David Balzen and Jane Doe Balzen were served with the Complaint and Summonses on July 28 2017 (Docs. 11-12), and The Sales Staff LLC was served with the Complaint and Summonses on August 8, 2017. Doc. 10. On September 20, 2017, Plaintiffs filed a motion to extend the deadline for the Defendants to file their Answer or otherwise respond to the Complaint. Doc. 15. The Court issued an Order granting the motion on September 20, 2017, allowing the Defendants under September 29, 2017 to Answer or otherwise respond to the Complaint. Doc. 16.

None of the Defendants filed Answers or otherwise appeared in the action within the time allowed, and Plaintiffs filed for the entry of default on October 2, 2017. Docs. 19-20. The Clerk of Court entered the default of the Defendants on October 3, 2017.

Because Plaintiffs have pled sufficient facts to establish the Defendants' liability and default has already been entered against them, Plaintiffs now move the Court to enter default judgment against Defendants. The Court should enter judgment for Plaintiffs in the amount of $402,923.22.

## II.   ARGUMENT

### A.   Standards for Default Judgment

Granting a default judgment is within the court's discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When determining whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the Plaintiff; (2) the merits of the Plaintiff's substantive claim; (3) the sufficiency of the

2

complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### B. Plaintiffs have established the Defendants' liability, and the *Eitel* factors weigh in favor of default judgment.

#### 1. The possibility of prejudice to the Plaintiffs

The first factor considers whether a Plaintiff will suffer prejudice if default judgment is not entered. *Landstar Ranger, Inc. v. Parth Enters., Inc.,* 725 F.Supp.2d 916, 920 (C.D. Cal. 2010). Here, the first *Eitel* factor weighs in favor of granting Plaintiffs' motion because they "will suffer prejudice if the default judgment is entered by cause [they] would be without other recourse for recovery." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Here, Plaintiffs will be prejudiced if this Court does not enter default judgment because the Defendants have continued to withhold wages to which Plaintiffs are entitled and for which they have already worked. Plaintiffs have not been compensated for time spent working, and denying an entry of default judgment would result in further delay to Plaintiffs' ultimate receipt of money they earned. Because Plaintiffs will be prejudiced if default judgment is not entered, this factor weights in favor of entering default.

#### 2. The merits of the Plaintiffs' substantive claims and the sufficiency of the Complaint.

This factor looks at Plaintiffs' likelihood of success on the merits. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often

3

analyzed together." *Dr. JKL Ltd. v. HPC IT Education Center*, 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010). *See also Fierros v. Valley Hospice of Arizona Incorporated*, No. 2:14-cv-01764-DJH, at *4 (attached as "**Exhibit A**") (same).

In order to prove minimum wage liability under the FLSA, a plaintiff must show only that: (1) she was employed by the defendant during the relevant time period, (2) in the plaintiff's work for the defendant, she was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and (3) the defendant failed to pay the plaintiff minimum wage for all hours worked by the plaintiff in one or more workweeks. *Quinonez v. Reliable Auto Glass, LLC*, 2012 WL 2848426, *1-2 (D. Ariz. July 11, 2012). In order to prove overtime liability under the FLSA, the third element requires that the plaintiff prove that the defendant did not pay overtime pay for all hours the plaintiff worked in excess of 40 in one or more workweeks. *Id.*; *see also* 29 U.S.C. § 207(a). There is no dispute of material fact that Defendants are liable to Plaintiffs under the FLSA.

In order to prove minimum wage liability under the AWA, a plaintiff must show that she was employed by the defendant during the relevant time period, and the defendant failed to pay the plaintiff minimum wage for all hours worked by the plaintiff in one or more workweeks. *See generally* Arizona Revised Statutes ("A.R.S.") §§ 23-363, 64. In order to prove liability for unpaid wages under the AWA, a plaintiff must show that she was employed by the defendant during the relevant time period, and the defendant failed to pay the plaintiff minimum wage for all hours worked by the plaintiff in one or more workweeks. *See generally* A.R.S. § 23-355.

Here, Plaintiffs have each alleged in their Complaint and in their Declarations that they were employed by the Defendants during the relevant time period,[1] (Doc. 1, at ¶¶ 62-64), that they were engaged in commerce or the production of goods for commerce during their employment with the Defendants, (*Id*. at ¶ 52), that the Defendants were an enterprise engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000 during the relevant time period, (*Id*. at ¶ 53), and that the Defendants failed to pay them minimum wage, overtime, and other wage compensations for all hours they worked in one or more workweeks. (*Id*. at ¶¶ 171, 181, 190, 199).

The Plaintiffs all allege and aver that the Defendants have failed to timely compensate them for work they performed, (*Id*., at ¶ 95), and completely failed to pay them overtime wages by "capping" their hours worked at 40 per week despite their knowledge that they worked well in excess of 40 hours per week. (*Id*., at ¶ 65).

In addition, the Plaintiffs' lack of time and payroll records to support their claims cannot be used against them because the Defendants, as Plaintiffs' employers, bear the responsibility for maintaining such records under federal law. 29 C.F.R. § 516.1, *et seq*. As a result, Plaintiffs may establish their time worked as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686 (1946). *See also*

---

[1]  See Declarations of Plaintiffs and Opt-Ins, attached as "**Exhibit B**": Evonne Flores: approximately November 2015 to July 15, 2017 (Ex. B, Declaration of Evonne Flores at ¶ 3); Frankie Salinas: approximately October 23, 2013 to July 7, 2017 (Ex. B, Declaration of Frankie Salinas at ¶ 3; Gail Bradford: approximately February 2016 to October 2016, and March 2017 to July13, 2017 (Ex. B, Declaration of Gail Bradford at ¶ 3); Julie Wiles: approximately November 2014 to July 26, 2017 (Ex. B, Declaration of Julie Wiles at ¶ 3; Patrick Carter: approximately November 2016 to July 7, 2017, and approximately July 28 to September 1, 2017 (Ex. B, Declaration of Patrick Carter at ¶ 3; Christine Mathahs: February 14 to July 2017 (Ex. B, Declaration of Christine Mathahs at ¶ 3;  and Heather Smith: September 2012 to May 2015 (Ex. B, Declaration of Heather Smith at ¶ 3).

*Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015) ("while Plaintiff's testimony may lack precision, we do not require employees to recall their schedules with perfect accuracy"). *See also Schaefer v. P.F. Chang China Bistro, Inc.*, 2014 WL 3809069, *7 (D. Ariz. August 1, 2014) ("The Court recognizes that it is an employees' memory and experience that lead them to claim that they have been denied the minimum wage in violation of the FLSA").

Plaintiffs' allegations, contained in both the Complaint and the declarations that support this motion, when taken as true, show that the second and third *Eitel* factors weigh in favor of a default judgment.

### 3. The sum of money at stake in this action

Plaintiffs seek a judgment in the amount of $402,923.22, which consists of Plaintiffs' unpaid wages and liquidated damages. This amount is reasonable because it is for seven Plaintiffs who were not paid overtime during the entire duration of their employment with Defendants and were not paid minimum wage for varying periods of time during their employment with the Defendants from approximately April 2017 through the present, in violation of the FLSA, 29 U.S.C. §§ 206 and 207. Additionally, the Arizona Plaintiffs, Evonne Flores, Frankie Salinas, and Julie Wiles, were not paid wages due and owing for the latter five to six months of their employment with the Defendants, in violation of A.R.S. §§ 23-363 and 23-355.

Awarding such damages is consistent with the Congressional purpose behind the Fair Labor Standards Act (the "FLSA"), which is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys.,*

*Inc.*, 450 U.S. 728, 739 (1981). Therefore, this factor weighs in favor of entering default judgment.

In support of this amount, Plaintiffs have attached declarations from each Plaintiff detailing the approximate length of their employment with Defendants, the average number of hours worked per week, and the resulting wages owed. (See Declarations of Plaintiffs, attached as "**Exhibit B**"). As a result, Plaintiffs may establish their time worked as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686 (1946).

### 4.   The possibility of a dispute concerning material facts

"Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Landstar Ranger*, F.Supp.2d at 921-22. As discussed above, the Complaint sufficiently alleges all necessary facts, which, when taken as true, prove FLSA and AWA liability.

Further, the default concedes the truth of the allegations of the Complaint as to Defendant's liability. *See Geddes v. Untied Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The Clerk entered default against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen on October 3, 2017. Doc. 21. As such, Defendants are deemed to have admitted the factual allegations in Plaintiffs' Complaint. *See U.S. v. Price*, 8 Fed. Appx. 849, 851 (9th Cir. 2001) (citing *Taylor v. Johnson*, 262 A.2d 803, 804 (D.C. App. 1970) ("The effect of the entry of default is the admission of the truth of the well pleaded

allegations of the complaint.")). Therefore, there is no dispute concerning the material facts, and this factor weighs in favor of entering default judgment.

### 5.      Whether the default was due to excusable neglect

This factor favors a default judgment when the Defendant was properly served or the Plaintiff demonstrates that the Defendant is aware of the lawsuit. *Landstar Ranger*, 725 F.Supp.2d at 922. Here, the Defendants have been properly served. Docs. 10-12. In addition, the Defendants, via a representative Erich Mundinger, attempted to settle the lawsuit with the Plaintiffs, purported to agree to settlement terms, and then disregarded this "agreement to agree" such that Plaintiffs were left with no choice but to request a default judgment from the Court. Because Defendants were properly served, knew of the lawsuit, and have actively participated in the litigation, this factor weights in favor of entering default judgment.

### 6.      Policy favoring decisions on the merits

"Although cases should be decided upon their merits whenever reasonably possible," *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), "Rule 55(a) allows a court to decide a case before the merits are heard if Defendant fails to appear and defend." *Landstar Ranger*, 725 F.Supp.2d at 922. Here, the Defendants have all failed to appear and defend within the time frame set forth by this Court.

"'The Federal Rules espouse a preference for resolving cases on their merits [.]' *Dr. JKL Ltd.*, 749 F.Supp.2d at 1051 (citing *Eitel*, 782 F.2d at 1472). Rule 55(b) indicates that this policy is not absolute, however." *Fierros v. Valley Hospice of Arizona Incorporated*, No. 2:14-cv-01764-DJH, at *9. *Fierro* held that the defendants' "failure to comply with the judicial process makes a decision on the merits likely impossible" when

8

it held that the seventh *Eitel* factor weighed in favor of a default judgment. *Id.* Here, likewise, the Defendants failed to appear and defend this lawsuit within the time frame designated by this Court. Therefore, this factor also weighs in favor of entering default judgment.

Because all of the factors weigh in favor of entering default judgment, the Court should enter default judgment in favor of Plaintiffs and against Defendants.

## III.  CONCLUSION

All of the *Eitel* factors weigh in favor of entering default judgment. Therefore, the Court should grant Plaintiffs' Motion for Entry of Default Judgment, and enter judgment in favor of Plaintiffs and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen as follows:

• Judgment in favor of Named Plaintiff Evonne Flores and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts; $21,920.70 in unpaid overtime wages, an additional $21,920.70 in liquidated damages pursuant to 29 U.S.C. § 216(b), $3,000.00 in unpaid minimum wages and unpaid wages, and $6,000.00 in liquidated damages pursuant to A.R.S. § 23-355 and A.R.S. § 23-364, for a total of $52,841.40;

• Judgment in favor of Named Plaintiff Frankie Salinas and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts: $52,869.60 in unpaid overtime wages, and an additional $52,869.60 in liquidated damages pursuant to 29 U.S.C. § 216(b), for a total of $105,739.20;

• Judgment in favor of Named Plaintiff Gail Bradford and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts:

9

$17,226.00 in unpaid overtime wages, and $145.00 in unpaid minimum wages (20 hours x $7.25) totaling $17,371.00 in unpaid wages, plus an additional $17,371.00 in liquidated damages pursuant to 29 U.S.C. § 216(b), for a total of $34,742.00;

- Judgment in favor of Opt-In Plaintiff Julie Wiles and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts: $52,132.46 in unpaid overtime wages, an additional $52,132.46 as liquidated damages pursuant to 29 U.S.C. § 216(b), $6,000.00 in unpaid minimum wages and other wages, and an additional $12,000.00 in liquidated damages pursuant to A.R.S. § 23-355 and A.R.S. § 23-364, for a total of $122,264.92;

- Judgment in favor of Opt-In Plaintiff Patrick Carter and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts: $3,028.80 in unpaid overtime wages, $913.50 in unpaid minimum wages (3 unpaid weeks of approximately 42 hours per week x $7.25) for a total of $3,942.30 in unpaid wages, plus an additional $3,942.30 in liquidated damages pursuant to 29 U.S.C. § 216(b), for a total of $7,884.60;

- Judgment in favor of Opt-In Plaintiff Christine Mathahs and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts: $31,144.80 in unpaid overtime wages, $978.75 in unpaid minimum wages (3 unpaid weeks of approximately 45 hours per week x $7.25) for a total of $32,123.55 in unpaid wages, plus an additional $32,123.55 in liquidated damages pursuant to 29 U.S.C. § 216(b), for a total of $64,247.10;

- Judgment in favor of Opt-In Plaintiff Heather Smith and against Defendants The Sales Staff LLC and David Balzen and Jane Doe Balzen in the following amounts:

$7,602.00 in unpaid overtime wages, plus an additional $7,602.00 pursuant to 29 U.S.C. § 216(b), for a total of $15,204.00;

• Judgment for Plaintiffs for post-judgment interest at the prevailing rate;

If this Motion is successful, Plaintiffs will file an application with the Court for the recovery of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364.

DATED this 9th day of November, 2017.

THE BENDAU LAW FIRM, PLLC

/s/*Christopher J. Bendau*
Christopher J. Bendau
Attorney for Plaintiff

11

# **CERTIFICATE OF SERVICE**

I certify that on this 9th day of November, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties by operation of the Court's electronic filing system. The Parties may access this filing through the Court system. I further certify that I have dispatched the attached document via First Class Mail to the following parties:

> The Sales Staff, LLC, via
> Its registered statutory agent
> National Registered Agents, Inc.,
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201
> *Defendant The Sales Staff, LLC*
>
> David Balzen and Jane Doe Balzen
> 10614 Fasig Tipton Ln.
> Richmond, TX 77407
> *Defendants David Balzen and Jane Doe Balzen*

/s/   *Christopher J. Bendau*
Attorney for Plaintiff