Clifford P. Bendau, II (State Bar #030204)
Christopher J. Bendau (State Bar #032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com

*Attorneys for Plaintiff and Opt-In Plaintiffs*

Kevin Dunagan (*Admitted Pro Hac Vice*)
THE DUNAGAN LAW FIRM, P.C.
13231 Champion Forest Dr., Suite 112
Houston, TX 77069
Telephone: (281) 624-4009
Email: kevin@dunaganlaw.com

*Attorney for Defendants Bryan Brorsen and Jane Doe Brorsen*

David Balzen
10614 Fasig Tipton Lane
Richmond, TX 77407
Telephone: (713) 826-0779
Email: dbalzen@yahoo.com

*Pro Se*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Evonne Flores**, et al., | No. 2:17-cv-02474-DGC |
| Plaintiffs, | |
| vs. | **JOINT MOTION FOR FLSA SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE** |
| **The Sales Staff LLC**, et al., | |
| Defendants. | |

The Parties, by and through undersigned counsel, hereby submit this Joint Motion to Approve Settlement and Dismiss the claims made in this case with prejudice. The Parties request that the Court enter the proposed order attached as **Exhibit A**.

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Procedural Background

On July 5, 2017, Plaintiffs Evonne Flores, Frankie Salinas, and Gail Bradford ("Plaintiffs") filed a Complaint alleging that Defendants, The Sales Staff, LLC ("Sales Staff"), David Balzen and Jane Doe Balzen, and Bryan Brorsen and Jane Doe Brorsen (collectively "Defendants") (collectively "the parties") violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), by failing to pay an overtime premium for all time that they and those similarly situated to them worked in excess of 40 hours in a given workweek, and for failing to pay Plaintiffs and those similarly situated to them any wages whatsoever for several months of employment. Plaintiffs further allege that Defendants violated the Arizona Minimum Wage Act, Arizona Revised Statutes ("ARS") 23-361 et seq., and the Arizona Wage Act, A.R.S. § 23-350, et seq. (Doc. 1).

Plaintiffs sought to bring their claims as a collective action on behalf of a class of similarly situated individuals, and as a class action for any individuals located in the state of Arizona. Following the filing of the lawsuit, Plaintiffs served Defendants The Sales Staff, LLC and David and Jane Doe Balzen. (Docs. 10-12). Plaintiffs agreed to suspend service attempts upon Defendants Bryan and Jane Doe Brorsen and provide Defendants with an extension to Answer the Complaint while the parties engaged in early settlement discussions. The Court granted an extension for Defendants to file their Answer until September 29, 2017. (Doc. 16). Plaintiffs' counsel inadvertently did not timely serve the Order upon Defendants by the deadline, which led to Defendant David Balzen's inadvertent failure to file an Answer prior to the deadline.

After initial settlement discussions broke down, Plaintiffs filed applications for entry of default against Defendants The Sales Staff, LLC and David and Jane Doe Balzen on October 2, 2017 (Docs. 19-20), filed a Motion for Default Judgment on November 9, 2017 (Doc. 25), and renewed service attempts on Defendants Bryan and Jane Doe Brorsen. On November 15, 2017, Defendant David Balzen appeared *pro se* (Doc. 27). On November 27, he filed his Answer (Doc. 32) and sought to set aside the default entered by the Clerk, which the parties fully briefed. (Docs. 31, 36, 38).

On approximately November 22, 2017, Plaintiffs' counsel was contacted by counsel for Defendants Bryan and Jane Doe Brorsen, who thereafter waived service. (Docs. 34 & 35). On December 20, 2017, Defendant The Sales Staff, LLC filed for chapter 7 bankruptcy.

The parties again began engaging in renewed settlement discussions in January 2018. On February 21, 2018, Plaintiffs reached separate settlements with Defendants Bryan Brorsen and Jane Doe Brorsen, and Defendant David Balzen, and executed agreements. A copy of the Plaintiffs' Settlement Agreement with Defendants Bryan Brorsen and Jane Doe Brorsen is attached hereto as Exhibit B, and a copy of the Plaintiffs' Settlement Agreement with Defendant David Balzen is attached hereto as Exhibit C. The result is that through settlement Plaintiff and the Opt-In Plaintiffs will receive compensation for the unpaid wages to which they allege they are entitled, including alleged unpaid overtime wages and alleged unpaid minimum wages, as well as non-punitive liquidated damages for the same.

## II.    Legal Standard

Where litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Villarreal v. Caremark LLC,* No. CV-14-00652, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016). The Court acts as a "gatekeeper" to ensure that the settlement is appropriate and does not undermine the FLSA's remedial purposes. *Villarreal,* 2016 WL 5938705, at *2.

Courts in this judicial district have held that in the FLSA context, the parties "must seek approval of their settlement agreement in order to ensure its enforceability." *Montoya v. 3PD, Inc.,* No. 13-8068, 2015 WL 11089514, at *1 (D. Ariz. July 27, 2015); *but see Smith v. Tri-City Transmission Service, Inc.,* No. 12-01254, 2012 WL 12953674, at *1 (D. Ariz. Aug. 23, 2012) (noting that "[i]t is no longer clear that a settlement of FLSA claims must be approved by the court to be binding," because settlements between represented parties in the context of litigation "could reasonably be found binding upon the parties even without court approval.").

Courts who review proposed settlement agreements in FLSA actions examine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages

..., the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Juvera v. Salcido,* No. 11-2119, 2013 WL 6628039, at *8 (D. Ariz. Dec. 17, 2013) citing *Khanna v. Inter–Con Sec. Systems, Inc.,* 2012 WL 4465558, at *10 (E.D. Cal. Sept. 25, 2012).

Based on the contested nature of this litigation and the quality of the settlement, this Court should readily conclude that this Settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

### III.    The Court Should Approve the FLSA Settlement as Fair and Reasonable

#### A.    The Proposed Settlement Is the Product of Contested Litigation and Resolves a *Bona Fide* Dispute Between the Parties

The Settlement is a result of contested litigation given that Plaintiffs' claims were disputed by Defendants and continue to be disputed by Defendants. In this action, Plaintiffs allege Defendants violated the FLSA by failing to pay overtime premium wages to Plaintiffs and similarly situated individuals for time they worked in excess of 40 hours in a given workweek, as well as unpaid minimum wages for pay periods in which Plaintiffs and similarly situated individuals did not receive paychecks. Defendants denied Plaintiffs' claims and asserted that they had paid all wages due and owing to Plaintiffs and similarly situated individuals, denied that they were liable as employers under the FLSA, and denied that Plaintiffs' claims were appropriate for collective action treatment. Defendants further asserted that at all relevant times they believed in good faith that they paid their employees correctly and in accordance with applicable law.

The lawsuit is now nearly seven months old, and prior to the Settlements, the Parties had a full opportunity to analyze the pertinent legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. No factual discovery was had, other than Defendants producing Plaintiffs' independent contractor and employment agreements with their initial disclosures. Defendants vigorously disputed the validity of Plaintiffs' claims and the merits of their collective action allegations. Only after David Balzen filed for relief from default and filed his Reply to Plaintiffs' over $400,000 default judgment motion and renewed negotiations  were the Parties able to resolve this dispute. The proposed Settlement is a product of contested litigation and it resolves a *bona fide* dispute between the Parties.

## B.    The Proposed Settlement Is Fair and Reasonable

This Settlement is the product of arm's-length negotiations by experienced counsel. The Settlement provides significant monetary relief to Plaintiffs and eliminates the inherent risk both sides would face if this complex litigation continued to a judgment on the merits. Under these facts, a presumption of fairness should attach to the Settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Plaintiffs' counsel has significant experience in wage and hour litigation and believes the monetary terms of the Settlement are fair and reasonable. Pursuant to the Settlement, the Plaintiffs will receive $30,000, $15,000 from Defendants Bryan Brorsen and Jane Doe Brorsen, and $15,000 from Defendant David Balzen. This amount includes Plaintiffs' counsel's attorneys' fees in a contingency amount of forty percent (40%) of the

gross settlement ($12,000), plus their costs of $909.00. See Representation Agreement, attached as **Exhibit D**. The remaining $17,091.00 will be split equally amongst the Plaintiffs and Opt-In Plaintiffs, due to the lack of records of the precise amount of time each Plaintiff worked for Defendants. This result is also favorable to Plaintiffs because, absent settlement, the Parties would have conducted significant discovery and would have risked potential adverse rulings and an even greater lapse of time before recovery.

In this case, the 40% attorneys' fee is justified by the representation agreement or Opt-In consent form signed between each of the Plaintiffs and Plaintiffs' Counsel, and the uncertainty and complexity of the litigation. Plaintiffs' Counsel accepted and litigated this action solely on a contingency fee basis and have received no compensation for the outlay of attorney time, nor for any of the expenses incurred. Moreover, there has never been any guarantee that Plaintiffs' Counsel would ever be paid for that time or reimbursed for those costs. No matter how many hours put in, no matter how burdensome the litigation, there would be no payment unless Plaintiffs prevailed. Moreover, this litigation involved many significantly complex issues, which exacerbated the risk of non-recovery.

The settlement to the Plaintiffs, and the allocation to Plaintiffs' counsel of attorneys' fees and costs, is fair and reasonable. Plaintiffs request that this Court approve the settlement agreement.

**CONCLUSION AND RELIEF REQUESTED**

As demonstrated herein, Plaintiff is entitled to Court approval of the $30,000 in damages, attorney's fees, and costs negotiated under 29 U.S.C § 216(b), and settlement in this amount is a fair resolution of the disputed issues between the parties. The parties

-7-

respectfully request that the Court approve this stipulation, enter the proposed order attached as Exhibit A, and retain jurisdiction for the purposes of interpreting, implementing, and enforcing the Parties' Settlement Agreement and all orders and judgments entered in connection with it.

RESPECTFULLY SUBMITTED the 21st Day of February, 2018.

THE BENDAU LAW FIRM PLLC

/s/ Christopher J. Bendau
Christopher J. Bendau
Attorney for Plaintiff and Opt-In Plaintiffs

THE DUNAGAN LAW FIRM, P.C.

/s/ Kevin Dunagan    (With Permission)
Kevin Dunagan
Attorney for Defendants Bryan Brorsen and Jane Doe Brorsen

DAVID BALZEN

/s/ David Balzen  (With Permission)
David Balzen
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st Day of February, 2018, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ Christopher J. Bendau

-8-